IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR286** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **LUCAN C. CERVANTES,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 27, 31). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The parties object to the Defendant's placement in criminal history category IV, in the government's words based on "the parties' calculation of criminal history points, the timing of Defendant's' sentences in relation to the offense conduct here and the nature of Defendant's prior offenses, as well as the Rule 11(c)(1)(C) plea agreement." (Filing No. 31.) The Rule 11(c)(1)(C) plea agreement includes an agreement that criminal history category II "most accurately" reflects the Defendant's criminal history.

The Rule 11(c)(1)(C) plea agreement will be discussed at sentencing. However, the Court advises the parties that it generally looks with disfavor upon parties' Rule 11(c)(1)(C) agreements with respect to calculation of a defendant's criminal history points prior to preparation of the PSR. The parties are aware that a thorough criminal history is not available until the presentence investigation, and any prior investigation done by pretrial

services, for example, is only preliminary. The Court views criminal history as a purely factual matter that is unaffected by the offense conduct, as opposed to, for example, the issue of drug quantity and the resulting base offense level. Therefore, the Court's Tentative Findings are that the PSR is correct.

IT IS ORDERED:

1. The Court's tentative findings are that the government's objections to the Revised Presentence Investigation Report (Filing No. 31) and the Defendant's objections to the PSR (Filing No. 27) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects; and

3. This matter will be discussed at sentencing.

DATED this 2nd day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge